UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATIONAL ACADEMY OF EDUCATION, et al.,

Plaintiffs,

v.

DEPARTMENT OF EDUCTION, et al.,

Defendants.

Civil Action No. 25-1266 (TNM)

## DEFENDANTS' MOTION TO STAY PROCEEDINGS

Defendants Department of Education and Linda McMahon, in her official capacity as Education Secretary (collectively, the "Department"), respectfully move to stay all proceedings pending the hearing and determination of the plaintiffs' motion for a preliminary injunction in *Association for Education Finance and Policy, Inc. v. McMahon*, Civ. A. No. 25-999 (TNM) (D.D.C. Apr. 17, 2025). The preliminary injunctions in both cases seek identical relief and staying the proceedings in this later-filed case when briefing on plaintiffs' motion for preliminary injunction in Civ. A. No. 25-999 is complete and set for a hearing on May 9, 2025, ensures "the just, speedy, and inexpensive determination" of Plaintiffs' claims here. Fed. R. Civ. P. 1. Pursuant to Local Civil Rule 7(m), the parties conferred, through counsel, and Plaintiffs indicate that they oppose Defendants' request.

"District courts have the discretion to stay or dismiss a pending suit when parallel litigation that is factually related is ongoing in another forum." *Holland v. ACL Transp. Servs., LLC*, 815 F. Supp. 2d 46, 55 (D.D.C. 2011) (citing *Handy v. Shaw, Bransford, Veilleux & Roth*, 325 F.3d 346, 349 (D.C. Cir. 2003)). It is generally understood that separate parallel proceedings are a judicial inconvenience and that courts should "avoid duplicative litigation." *Colo. River*

*Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *see also Columbia Plaza Corp. v. Sec. Nat. Bank*, 525 F.2d 620, 626 (D.C. Cir. 1975) ("Sound judicial administration counsels against separate proceedings, and the wasteful expenditure of energy and money incidental to separate litigation of identical issues should be avoided.").

In order to determine if a stay is appropriate, the Court should consider the circumstances in this case, "weigh[ing] competing interests and maintain[ing] an even balance." *See Wrenn v. District of Columbia*, 179 F. Supp. 3d 135, 137 (D.D.C. 2016); *see, e.g., Landis v. North Am. Co.*, 299 U.S. 248, 254–55 (1936) ("[T]he powers to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *See Hisler v. Gallaudet Univ.*, 344 F. Supp. 2d 29, 35 (D.D.C. 2004) (quoting *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979)). Because if a sister court has examined its power to adjudicate a case and entered judgment that binds the parties, "the interests of comity mandate respect for the holding of [that] sister court when a de novo review has the potential effect of subjecting one party to conflicting orders from two courts of comparable jurisdiction and authority." *See Common Cause v. Judicial Ethics Comm.*, 473 F. Supp. 1251, 1253–54 (D.D.C. 1979). "To do otherwise, would be tantamount to having [one trial court, for example,] sit as an appellate court, reviewing the decision of another trial court." *See id.* at 1254. So, indeed, a party requesting a stay of proceedings "must make out a

clear case of hardship or inequity in being required to go forward, *if* there is even a fair possibility that the stay for which he prays will work damage to someone else." *Landis*, 299 U.S. at 255.

Here, at the outset, Plaintiffs concede that this matter and Civ. A. No. 25-999 (TNM) involve common issues of fact and grow out of the same event or transaction. Notice of Related Cases (ECF No. 1-4). Indeed, in this matter and Civ. A. No. 25-999 (TNM), the plaintiffs have moved for preliminary injunctions that seek the same relief. Plaintiffs in Civ. A. No. 25-999 (TNM) broadly ask the Court for an injunction requiring the Department to restore a program run by the Institute for Education Services, including reinstatement of employees and contracts, access, and preservation of data. Proposed Order, *Ass'n for Ed. Fin. & Policy v. McMahon*, Civ. A. No. 25-999 (TNM) (D.D.C. Apr. 17, 2025). Plaintiffs here similarly seek the restoration of that same program, including reinstatement of employees and contracts, access, and data. Proposed Order (ECF No. 14-34).

Critically, Civ. A. No. 25-999 (TNM) commenced first, briefing on the plaintiffs' motion for preliminary injunction in that case is now complete, and the Court has scheduled a hearing on that motion for May 9, 2025. Min. Order, *Ass'n for Ed. Fin. & Policy v. McMahon*, Civ. A. No. 25-999 (TNM) (D.D.C. Apr. 18, 2025). Because both matters involve substantially the same requested relief and the same defendants, this Court's decision in Civ. A. No. 25-999 (TNM) will impact, influence, and/or determine the outcome of Plaintiffs' claims in this matter. Staying this matter pending this Court's resolution of the preliminary injunction motion in Civ. A. No. 25-999 (TNM), therefore, advances judicial economy and efficiency, and preserves the parties' resources. To the extent there are issues remaining in this instant matter as it relates to the preliminary injunction, those narrower issues can be resolved after the Court adjudicates the preliminary injunction motion in Civ. A. No. 25-999 (TNM).

Accordingly, because Civ. A. No. 25-999 (TNM) commenced first, both matters involve the same defendants and substantially similar requested relief, and to avoid the need for the parties and the Court to spend any time and resources addressing the same potential issues, the Department respectively requests that the Court the stay this matter until the preliminary injunction motion in Civ. A. No. 25-999 (TNM) is resolved. A proposed order is attached.

Dated: May 5, 2025
Washington, DC

Respectfully submitted,

EDWARD R. MARTIN, JR., D.C. Bar #481866
United States Attorney

By:     */s/Dimitar P. Georgiev*
DIMITAR P. GEORGIEV, D.C. BAR #1735756
ERIKA OBLEA, D.C. BAR #1034393
Assistant United States Attorneys
601 D Street, NW
Washington, DC 20530
(202) 252-2500 (main)

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATIONAL ACADEMY OF EDUCATION, et al.,

Plaintiffs,

v.

DEPARTMENT OF EDUCTION, et al.,

Defendants.

Civil Action No. 25-1266 (TNM)

# [PROPOSED] ORDER

UPON CONSIDERATION of Defendants' motion to stay proceedings in this action, and the entire record herein, it is hereby

ORDERED that Defendants' motion is GRANTED; and it is further,

ORDERED that this matter is STAYED pending the hearing and determination of the plaintiffs' motion for a preliminary injunction in *Ass'n for Ed. Fin. & Policy v. McMahon*, Civ. A. No. 25-999 (TNM).

SO ORDERED.

_____  
Dated

_____  
TREVOR N. MCFADDEN  
United States District Judge