UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL ACADEMY OF EDUCATION and NATIONAL COUNCIL ON MEASUREMENT IN EDUCATION,<br><br>*Plaintiffs*,<br><br>vs.<br><br>DEPARTMENT OF EDUCATION and LINDA MCMAHON, *in her official capacity as Secretary of Education*,<br><br>*Defendants*. | Civil Action No. 1:25-cv-1266 (TNM) |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO STAY PROCEEDINGS

Plaintiffs National Academy of Education (NAEd) and National Council on Measurement in Education (NCME) (collectively, "Plaintiffs") seek to require Defendants Department of Education and the Secretary of Education (collectively, "Defendants") to continue the collection, analysis, and dissemination of Institute of Education Sciences (IES) data in compliance with federal law. In the absence of an injunction *in this case*, Defendants' actions will continue to cause Plaintiffs and their members irreparable harm by denying them access to the information needed to carry out their work. Despite the urgency of this issue and the harms to Plaintiffs, Defendants have moved to stay all proceedings pending this Court's resolution of the plaintiffs' motion for a preliminary injunction in a separate case, *Association for Education Finance & Policy, Inc. v. McMahon*, No. 1:25-cv-999 (TNM) (D.D.C. Apr. 17, 2025) (the "*AEFP* case"). *See* Defs' Motion to Stay, ECF No. 16 (hereinafter the "Motion").

1

Defendants' Motion is baseless. Defendants offer no sound basis to justify a stay in this case. Indeed, Defendants' Motion does not cite a single case in which the court found that a stay was warranted in similar circumstances, further proving that there is no legal basis for their Motion. Only a preliminary injunction in this case, which will directly inure to the benefit of Plaintiffs and their members, can redress Plaintiffs' and their members' specific injuries.

Moreover, to the extent this Court or Defendants believe that this case and the *AEFP* case are related, the solution is not to stay this case. Rather, this Court can either order the parties to brief and argue these two cases in parallel or, if the Court wishes, together. This is a common approach. *See, e.g.*, *League of United Latin Am. Citizens v. Exec. Off. of the President*, No. 1:25-cv-946, 2025 WL 1187730, at *11 (D.D.C. Apr. 24, 2025) (consolidating preliminary-injunction proceedings where multiple plaintiffs filed separate lawsuits challenging the same Executive Order); *N.A.A.C.P. v. U.S. Dep't of Educ.*, No. 1:25-cv-1120 (DLF), 2025 WL 1196212, at *7 (D.D.C. Apr. 24, 2025) (issuing a preliminary injunction for the plaintiffs against federal agencies, despite the existence of similar injunctions in other cases); *New Hampshire Indonesian Cmty. Support v. Trump*, No. 1:25-cv-38-JL (TSM), 2025 WL 457609, at *2 & n.6 (D.N.H. Feb. 11, 2025) (same). An order directing the parties to litigate these cases on a parallel track or together will both serve judicial resources and permit this Court to rule in both cases with a complete picture of the interests and arguments of all necessary parties.

Where, as here, there is no justifiable reason for a stay and that stay would be extremely prejudicial to Plaintiffs, Plaintiffs' motion for preliminary injunction should be briefed and heard without delay.

**I.      There is No Justifiable Reason for a Stay.**

"Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). "The party seeking the stay bears the burden 'of establishing its need.'" *Asylumworks v. Mayorkas*, No. 1:20-cv-3815 (BAH), 2021 WL 2227335, at *4 (D.D.C. June 1, 2021) (quoting *Clinton v. Jones*, 520 U.S. 681, 708 (1997)). Specifically, the party seeking the stay must make "'a clear case of hardship or inequity in being required to go forward, if there is *even a fair possibility* that the stay for which he prays will work to damage someone else.'" *See id.* (quoting *Landis*, 299 U.S. at 255) (emphasis added).

   A.   <u>Defendants Face No Harm in Proceeding with This Litigation.</u>

Defendants cannot make this required showing of hardship. Defendants only suggest that without a stay they will be required to "spend [] time and resources" on this litigation. Motion at 3. There is no basis in law or fact to consider this harm sufficient to warrant a stay of this litigation. Litigating significant issues regarding unlawful agency action always requires time and resources. This is not an inequity. It is simply reality. Where, as here, "defendants fail to show that, absent a stay, the agency would suffer any hardship, save for the expenditure of resources in proceeding with the litigation" that "burden of litigation is wholly insufficient to warrant a stay." *Mayorkas*, 2021 WL 2227335, at *6 (*citing Ctr. for Biological Diversity v. Ross*, 419 F. Supp. 3d 16, 21 (D.D.C. 2019)).

   B.   <u>Judicial Expedience Will Not Be Served by a Stay.</u>

Defendants' claim that a stay will be in the interest of judicial economy is conclusory and without basis. *See* Motion at 3. No case has ever held that Defendants can stay the resolution of a motion simply because there is another case with similar facts. Without briefing and argumentation

in this case, the Court will not have access to information about the interests and harms facing Plaintiffs. This information is necessary for the Court to consider Plaintiffs' interest in weighing the scope and form of any relief it might enter against Defendants. Judicial resources would be better conserved by hearing cases about loss of access to IES data together. In fact, the cases Defendants cite in support of a stay in this case instead support consolidation of the two similar actions rather than a stay. *See* Motion at 1–2 (citing *Holland v. ACL Transp. Servs., LLC*, 815 F. Supp. 2d 46, 55 (D.D.C. 2011); *Handy v. Shaw, Bransford, Veilleux & Roth*, 325 F.3d 346, 349 (D.C. Cir. 2003); *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *Columbia Plaza Corp. v. Sec. Nat. Bank*, 525 F.2d 620, 626 (D.C. Cir. 1975). None of these cases involve a district court staying the later-filed proceeding. *See also Wrenn v. District of Columbia*, 179 F. Supp. 3d 135, 137 (D.D.C. 2016); *Hisler v. Gallaudet Univ.*, 344 F. Supp. 2d 29, 35 (D.D.C. 2004).

Furthermore, Defendants cite these cases to discuss consolidating "duplicative" or "identical" cases. *See* Motion at 1–2. Here, Plaintiffs' claims and requested relief are not identical to the claims and requested relief by the plaintiffs in the *AEFP* case. *See* Compl. at 27–33 (ECF No. 1); *c.f.* Compl. at 23–27, *Association for Education Finance & Policy, Inc. v. McMahon*, No. 1:25-cv-999 (TNM) (D.D.C. Apr. 17, 2025), ECF No. 1. Contrary to Defendants' Motion, Plaintiffs have not filed a notice of related case in this matter[1] or otherwise made any statement about the relatedness between this case and the *AEFP* case. As described below, where, as here, the parties, the claims, and the relief requested in two separate cases are not identical, there is a real danger that the stay will damage Plaintiffs who are already suffering irreparable harm. *See* Plaintiffs'

---

[1] Plaintiffs' Notice of Related Case Statement (ECF No. 1) was filed in error and was promptly corrected by Plaintiffs after filing (ECF No. 2).

4

Mem. in Supp. of Mot. for Prelim. Inj. at 29–30, ECF No. 14. For example, Plaintiffs' members seek relief from specific cancelled contracts, stop work orders, and paused applications for restricted-use data. *See* Ho Decl. ¶ 21, ECF No. 14-12; Briggs Decl. ¶¶ 10, 13, ECF No. 14-14; Bastedo Decl. ¶¶ 13, 14, ECF No. 14-3. It is not clear that an injunction in the *AEFP* case would remedy these harms. These harms should be addressed, and addressing Plaintiffs' specific claims at some time after the determination of plaintiffs' motion for a preliminary injunction in the AEFP case will in no way aid judicial economy.

**II.     Defendants' Requested Relief Would be Extremely Prejudicial to Plaintiffs.**

Plaintiffs NAEd and NCME are distinct membership organizations, with distinct members, from AEFP. There is no guarantee that an injunction in the *AEFP* case will cover the harms to Plaintiffs.

The unavailability of a wide range of IES datasets severely impairs Plaintiffs' and their members' ability to perform educational research and teach courses at their academic institutions. Lack of timely access to information to which plaintiffs are entitled may constitute irreparable harm. *See, e.g., Am. Immigr. Council v. DHS*, 470 F. Supp. 3d 32, 37–38 (D.D.C. 2020); *Nat'l Ass'n of the Deaf v. Trump*, 486 F. Supp. 3d 45, 58 (D.D.C. 2020). This is particularly true where, like Plaintiffs and their members, organizations and their members are deprived of access to statutorily required information that they rely on to conduct routine business activities, such as research and teaching. *See, e.g.*, *Doctors for Am. v. OPM*, 1:25-cv-322 (JDB), 2025 WL 452707 at *8–9 (D.D.C. Feb. 11, 2025) (finding that plaintiff organization's members suffered irreparable harm by "defendants' removal of the webpages and datasets," which the members relied upon for their research and work).

5

An injunction granted in the *AEFP* case, without a specific consideration of harms to Plaintiffs, may not address particular restrictions on data crucial to Plaintiffs' and their members' work. Without an injunction redressing Defendants' actions that harm Plaintiffs and their members, Plaintiffs' contributions towards improving our educational system may grind to a halt.

**III.   Plaintiffs' Motion for a Preliminary Injunction Should be Briefed.**

If the Motion is granted, Plaintiffs would continue to suffer irreparable harm simply because Defendants want to avoid further briefing. It would be unfair to give these two interests equal weight. *See C.G.B. v. Wolf*, 464 F. Supp. 3d 174, 218 (D.D.C. 2020) (finding that "[t]t is well established that the Government "'cannot suffer harm from an injunction that merely ends an unlawful practice'" (quoting *Open Communities All. v. Carson*, 286 F. Supp. 3d 148, 179 (D.D.C. 2017)). To the contrary, in addition to curing harms suffered by Plaintiffs and their members, there is a substantial public interest in having governmental agencies abide by federal laws. *Open Communities All.*, 286 F. Supp. 3d at 179 (finding that "there is a substantial public interest in having governmental agencies abide by the federal laws").

Given the weighty interests at stake and Plaintiffs' ongoing harms, Plaintiffs respectfully request that the Court enter the following briefing schedule, or whichever schedule the Court can accommodate.

**PROPOSED SCHEDULE**

| | |
|---|---|
| May 9, 2025 | Any Opposition to Plaintiffs' Motion for Preliminary Injunction Due |
| May 14, 2025 | Plaintiffs' Reply to Opposition Due |
| May 20 to 23, 2025, or as soon thereafter as convenient for the Court | Hearing on Plaintiffs' Motion for a Preliminary Injunction |

Plaintiffs and their members deserve to have their motion for a preliminary injunction heard and for their irreparable harm to be addressed.

6

## CONCLUSION

Defendants' Motion to Stay Proceedings should be denied.

Dated: May 5, 2025

Amy I. Berman
DC Bar No. 480541
NATIONAL ACADEMY
OF EDUCATION
500 Fifth Street, NW
Washington, DC 20001
(202) 334-2341
aberman@naeducation.org

*Counsel for Plaintiff NAEd*

Respectfully submitted,

*/s/ Samuel Spital*
Samuel Spital,
DC Bar No. NY0248
Morenike Fajana*
Lily Grisafi*
Allison Scharfstein*
Colin Burke*
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
40 Rector St., FL 5,
New York, NY 10006
(212) 965-2259
sspital@naacpldf.org
mfajana@naacpldf.org
lgrisafi@naacpldf.org
ascharfstein@naacpldf.org
cburke@naacpldf.org

*Awaiting *pro hac vice* admission

*Counsel for Plaintiffs NAEd and NCME*