UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NATIONAL ACADEMY OF EDUCATION and NATIONAL COUNCIL ON MEASUREMENT IN EDUCATION**, <br><br> *Plaintiffs*, <br><br> v. <br><br> **DEPARTMENT OF EDUCATION and LINDA MCMAHON, in her official capacity as Secretary of Education**, <br><br> *Defendants*. | Case No. 1:25-cv-1266 (TNM) |

## ORDER

Defendants request a stay until after the conclusion of a similar case that is pending in this Court. Gov't Mot. Stay, ECF No. 16 (citing *Ass'n for Educ. Finance & Pol'y, Inc., et al. v. Dep't of Educ.*, 25-cv-999 (D.D.C. Apr. 4, 2025)). Plaintiffs oppose. Pl. Opp. Mot. Stay, ECF No. 17. The Court declines to stay this case for the following reasons.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. American Co.*, 299 U.S. 248, 255 (1936). "Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both. . . . [T]he suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward . . . ." *Id.*

Defendants have not carried their burden to show hardship from moving forward. "[B]eing required to defend a suit, without more, does not constitute a clear case of hardship or inequity." *Ctr. for Biological Diversity v. Ross*, 419 F. Supp. 3d 16, 21 (D.D.C. 2019).

Defendants have cited only the "time and resources" of litigating parallel cases; in other words, "being required to defend a suit." Mot. Stay, ECF No. 16, at 4.

Defendants' assertions to the contrary are unsuccessful. Their best argument is comity. In situations where two different courts face nearly the same case, comity counsels a later-filed court to stay pending litigation to avoid conflicting injunctions with an earlier-filed case in another court. *Common Cause v. Judicial Ethics Comm.*, 473 F. Supp. 1251, 1253-54 (D.D.C. 1979). But comity's motivating concerns do not exist here because both matters are before the same Court. Defendants also proffer cases discouraging "duplicative" and "parallel" litigation, but these are inapposite because they generally involve the same parties across multiple cases. *E.g.*, *Holland v. ACL Transp. Servs., LLC*, 815 F. Supp. 2d 46, 55 (D.D.C. 2011); *Columbia Plaza Corp. v. Sec. Nat. Bank*, 525 F.2d 620, 626 (D.C. Cir. 1975). The cases at bar involve different educational nonprofits and professional organizations. *Compare* Compl., ECF No. 1, at 4–5 (listing National Academy of Education and National Council on Measurement in Education as plaintiffs) *with Ass'n for Educ. Finance & Pol'y, Inc.*, Compl., ECF No. 1, at 23–27 (listing Education Finance and Policy and the Institute for Higher Education Policy as plaintiffs).

Accordingly, Defendants have not shown that this is the "rare circumstance[]" that merits staying one case so that Plaintiffs must watch others settle a rule of law that may control their rights.

The motion to stay is DENIED.

**SO ORDERED**.

Dated: May 6, 2025                                        TREVOR N. McFADDEN, U.S.D.J.