**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NATIONAL ACADEMY OF EDUCATION and NATIONAL COUNCIL ON MEASUREMENT IN EDUCATION,<br><br>*Plaintiffs*,<br><br>v.<br>DEPARTMENT OF EDUCATION and LINDA MCMAHON, *in her official capacity as Secretary of Education*,<br><br>*Defendants*. | Civil Action No. 1:25-cv-1266 (TNM) |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs respectfully submit this Notice to make the Court aware of the United States District Court for the District of Maryland's recently issued opinion in *American Educational Research Association v. U.S. Department of Education* ("*AERA*"), No. 25-cv-01230 (D. Md. Nov. 18, 2026) (see attached).

In that case, the plaintiffs challenged the Department of Education's (the "Department") decision to "summarily terminate[] 90% of IES's staff members" and "89 of its outside contracts[.]" *Id*. at 1. The plaintiffs then sought an "order (1) vacating the Actions and (2) directing the Government to 'take steps to return to the operational status quo prior to the Actions, including by restoring the capacity of IES to carry out its functions at the level, and of the nature, as it did prior to'" the reduction in force and contract cancellations. *Id*. at 14 (citation modified). The court there denied the plaintiffs' motion for summary judgment on the ground that their challenge constituted an improper programmatic challenge under *Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55 (2004). *AERA* at 18–23.

The District Court of Maryland's decision does not implicate the narrower claims at issue in this case. In *AERA*, the plaintiffs "directly challenge[d] the Government's final decisions to

cancel the contracts and terminate the employees *en masse*." *Id.* at 18. Specifically, the *AERA* plaintiffs requested that the court determine "(1) the 'scope and quality' of data collection and research being performed, (2) the 'number, expertise, and experience' of the reconstituted workforce, (3) the timeliness of responses to restricted-use data and disclosure risk review requests, and (4) the amount of 'collaboration among scholars' fostered 'through a variety of media and means.'" *Id.* at 19 (quoting Pls.' Mem. in Supp. of Mot. Summ. J. at 70, ECF No. 75-1, *Am. Educ. Rsch. Ass'n v. U.S. Dep't of Educ.*, No. 8:25-cv-01230 (D. Md. Mar. 27, 2026)).

In this case, Plaintiffs challenge the cancellation of ten discrete studies and request significantly more limited relief—namely that this Court declare the Department's termination directive unlawful, vacate the Department's decision to cancel the challenged studies, and order the Department to resume fulfilling its congressionally mandated obligations under ESRA. *See, e.g.*, Pls.' Mem. in Supp. of Mot. Summ. J. at 2, 35–36, 45, ECF No. 54-1; First Am. Compl. ¶¶ 231–41, ECF No. 31. In addition, the requested relief invites the Department to exercise appropriate discretion in meeting its statutory obligations while ensuring Plaintiffs' injuries are redressed and does not require ongoing judicial oversight.

Dated: November 20, 2026

Amy I. Berman, DC Bar No. 480541
NATIONAL ACADEMY
OF EDUCATION
500 Fifth Street, NW
Washington, DC 20001
(202) 334-2341
aberman@naeducation.org

Respectfully submitted,

/s/ Pilar C. Whitaker
Pilar C. Whitaker* (DC Bar No. 90009046)
Chloe Miller* (DC Bar No. 90044645)
700 14th Street NW, Suite 600
Washington, DC 20005
(202) 682-1300
pwhitaker@naacpldf.org
cmiller@naacpldf.org

Samuel Spital, DC Bar No. NY0248
Colin Burke*
NAACP LEGAL DEFENSE &

EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, NY 10006
(212) 965-2200
sspital@naacpldf.org
cburke@naacpldf.org

Kelly Gardner* (DC Bar No. 1002900)
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
260 Peachtree Street NW, Suite 2300
Atlanta, GA 30303
(332) 282-6613
kgardner@naacpldf.org

*Admitted *pro hac vice*