UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATIONAL ACADEMY OF EDUCATION and NATIONAL COUNCIL ON MEASUREMENT IN EDUCATION,

Plaintiffs,

v.

DEPARTMENT OF EDUCATION and LINDA MCMAHON, in her official capacity as Secretary of Education,

Defendants.

Civil Action No. 25-1266 (TNM)

**DEFENDANTS' RESPONSE**
**TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Contrary to the Notice of Supplemental Authority (ECF No. 74) ("Pls. Notice") filed by Plaintiffs National Academy of Education and National Council on Measurement in Education (together, the "NAE Plaintiffs"), *American Educational Research Association v. U.S. Department of Education*, Civ. A. No. 8:25-1230 (SAG), 2026 WL 3544837 (D. Md. Nov. 18, 2026) ("*AERA*") (attached as Exhibit 1) is persuasive authority that supports Defendants' argument that the NAE Plaintiffs have not carried their burden at the summary judgment stage of demonstrating Article III standing, including on the required element of redressability.

The *AERA* court addressed redressability at summary judgment in a case involving the Education Sciences Reform Act ("ESRA"), the statute at issue here, and with plaintiffs who sought similar relief as the NAE Plaintiffs. The *AERA* court granted summary judgment for the Government (and denied the plaintiffs' cross-motion for summary judgment), recognizing that the court was "powerless to order the APA relief that Plaintiffs request, and Plaintiffs have failed to

meet their burden to demonstrate redressability." *AERA*, 2026 WL 3544837, at *10. The NAE Plaintiffs attempt to characterize their requested relief as "significantly more limited" than what the *AERA* plaintiffs requested, Pls.' Notice at 2, but the facts of *AERA* tell a different story.

The relief the *AERA* plaintiffs sought included similar requests as the NAE Plaintiffs. The NAE Plaintiffs describe their requested relief as including a court order directing "the Department to resume fulfilling its congressionally mandated obligations under ESRA." Pls.' Notice at 2. The relief the *AERA* plaintiffs sought included a court order requiring the agency "to resume" the "longitudinal studies," which had included ECLS-K and High School and Beyond (studies which the NAE Plaintiffs have asked the Court to order be resumed), "through contracts or otherwise." *AERA*, 2026 WL 3544837, at *7. The *AERA* court concluded that it could not enter an order of that kind, and that courts "must refrain from entering general orders that executive agencies comply with broad statutory mandates." *Id.* at *9.

While the NAE Plaintiffs now maintain that their requested relief "does not require ongoing judicial oversight," Pls.' Notice at 2, their summary judgment briefs suggest otherwise. The NAE Plaintiffs have asked the Court to enjoin the Department from "disclosing data that does not meet ESRA's quality standards" and to restore "the panels, data quality checks, and peer review processes." Pls.' Opp'n at 24 (ECF No. 65). They add that the Court "may retain jurisdiction to monitor compliance." *Id.* As Defendants have explained, those requests would require the Court to decide what "the highest methodological standards" demand of each data release, and which review panels, quality checks, and review processes each study must include. Defs.' Reply at 19 (ECF No. 68) (quoting 20 U.S.C. § 9541(b)(1)). Those are judgments about the quality of the agency's data collection, the first of the four matters the *AERA* court concluded it could not

supervise without "discrete and measurable statutory standards to guide this Court's supervision of those metrics[.]" *AERA*, 2026 WL 3544837, at *10.

Like the NAE Plaintiffs, the *AERA* plaintiffs also did not assert claims under 5 U.S.C. § 706(1). The *AERA* plaintiffs argued that the agency's failures to act were "contrary to law" under § 706(2), "not that they are actions unlawfully withheld under APA § 706(1)." *AERA*, 2026 WL 3544837, at *10. The *AERA* court explained that claims to compel an agency to perform its statutory duties "are properly brought under APA § 706(1) and are strictly limited to compelling '*discrete* agency action[s] that [the agency] is *required to take*.'" *Id.* (quoting *Norton S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004) (emphasis in original)), and that the court could not "grant relief on claims and legal theories that [the *AERA* plaintiffs] did not pursue." *AERA*, 2026 WL 3544837, at *10. The NAE Plaintiffs, like the *AERA* plaintiffs, have only brought claims under § 706(2).

For these reasons, and others to be addressed during the hearing on November 24, 2026, *AERA* supports Defendants' position that the NAE Plaintiffs have not carried their burden at the summary judgment stage to demonstrate Article III standing as to all claims and requests for relief.

Dated: November 23, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: <u>*/s/ Brett. S. Covington*</u>
BRETT S. COVINGTON
D.C. Bar #1003835
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-0888
Brett.Covington@usdoj.gov

*Attorney for the United States of America*